UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :
                                   :
            - v. -                 :     SEALED SUPERSEDING INDICTMENT
                                   :
RAMEL MATTHEWS,                    :     S1 15 Cr. 537 (VEC)
        a/k/a "Rah,"               :
WENDELL BELLE,                     :
        a/k/a "Delly Dell,"        :
WILLIAM BRACEY,                    :
        a/k/a "Rel,"               :
ANTHONY SCOTT,                     :
        a/k/a "Tyson,"             :
HASWANI TYSON,                     :
        a/k/a "Swani,"             :
RASHAAD CONYERS,                   :
        a/k/a "Houle,"             :
PAUL GILBERT,                      :
        a/k/a "Too Fly Tay,"       :
        a/k/a "Don Tay,"           :
KAREEM LANIER,                     :
        a/k/a "Black,"             :
TERRANCE WILLIAMS,                 :
        a/k/a "TA,"                :
JASON MOYE,                        :
        a/k/a "Tall Jay,"          :
MICHAEL BROWN,                     :
        a/k/a "Mighty,"            :
BRIANT LAMONT MAYNOR,              :
        a/k/a "Binky,"             :
ANDY SEDA,                         :
        a/k/a "Ant White,"         :
DAVOUN MATTHEWS,                   :
        a/k/a "Juice,"             :
JOSEPH ANDERSON,                   :
        a/k/a "Jojo,"              :
DAVAUGHN BROOKS,                   :
        a/k/a "Day Day,"           :
        a/k/a "Dolla,"             :
JOHN HUGHES,                       :
        a/k/a "Pino,"              :
JOSEPH JEFFRIES,                   :
        a/k/a "Joey,"              :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 0 9 2015

DONOVAN REYNOLDS,                          :
        a/k/a "Donnie G,"                  :
KYLE HINES,                                :
CHANEL LEON,                               :
        a/k/a "Black Gums," and            :
CHRISTOPHER MORALES,                       :
        a/k/a "Yayo,"                      :
                                           :
                                           :
                Defendants.                :
- - - - - - - - - - - - - - - - }

## RACKETEERING VIOLATIONS

## COUNT ONE

### (Racketeering Conspiracy)

The Grand Jury charges:

1.  At all times relevant to this Indictment, RAMEL MATTHEWS, a/k/a "Rah," WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACEY, a/k/a "Rel," ANTHONY SCOTT, a/k/a "Tyson," HASWANI TYSON, a/k/a "Swani," RASHAAD CONYERS, a/k/a "Houle," PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a "Don Tay," KAREEM LANIER, a/k/a "Black," TERRANCE WILLIAMS, a/k/a "TA," JASON MOYE, a/k/a "Tall Jay," MICHAEL BROWN, a/k/a "Mighty," BRIANT LAMONT MAYNOR, a/k/a "Binky," ANDY SEDA, a/k/a "Ant White," DAVOUN MATTHEWS, a/k/a "Juice," JOSEPH ANDERSON, a/k/a "Jojo," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," JOHN HUGHES, a/k/a "Pino," JOSEPH JEFFRIES, a/k/a "Joey," DONOVAN REYNOLDS, a/k/a "Donnie G," KYLE HINES, CHANEL LEON, a/k/a "Black Gums," and CHRISTOPHER MORALES, a/k/a "Yayo," the defendants, and

others known and unknown, were members and associates of the "Young Gunnaz" ("YGz" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, murder, robbery, and narcotics trafficking. The YGz operated principally in the Bronx, New York.

2. The YGz, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. This Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## PURPOSES OF THE ENTERPRISE

3. The purposes of the Enterprise included the following:

a. Enriching the members and associates of the Enterprise through, among other things, robbery and the distribution of narcotics, including cocaine base in a form commonly known as "crack," heroin, and marijuana.

b. Preserving and protecting the power of the Enterprise and its members and associates through murder,

attempted murder, other acts of violence, and threats of violence.

       c.    Promoting and enhancing the Enterprise and the activities of its members and associates.

       d.    The Enterprise operated within multiple housing developments, including the Mott Haven Houses, Maria Lopez Plaza, and River Park Towers, all in the Bronx, New York.

### MEANS AND METHODS OF THE ENTERPRISE

      4.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

       a.    Members and associates of the Enterprise committed, conspired to commit, and attempted to commit, acts of violence, including murder, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other street gangs.

       b.    Members and associates of the Enterprise used physical violence and threats of violence, including murder and attempted murder, against various people, including in particular rival gang members and rival narcotics traffickers.

       c.    Members and associates of the Enterprise sold narcotics, including cocaine base in a form commonly known as "crack," heroin, and marijuana.

## THE RACKETEERING CONSPIRACY

5.   From at least in or about 2005, up to and including in or about December 2015, in the Southern District of New York and elsewhere, RAMEL MATTHEWS, a/k/a "Rah," WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACEY, a/k/a "Rel," ANTHONY SCOTT, a/k/a "Tyson," HASWANI TYSON, a/k/a "Swani," RASHAAD CONYERS, a/k/a "Houle," PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a "Don Tay," KAREEM LANIER, a/k/a "Black," TERRANCE WILLIAMS, a/k/a "TA," JASON MOYE, a/k/a "Tall Jay," MICHAEL BROWN, a/k/a "Mighty," BRIANT LAMONT MAYNOR, a/k/a "Binky," ANDY SEDA, a/k/a "Ant White," DAVOUN MATTHEWS, a/k/a "Juice," JOSEPH ANDERSON, a/k/a "Jojo," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," JOHN HUGHES, a/k/a "Pino," JOSEPH JEFFRIES, a/k/a "Joey," DONOVAN REYNOLDS, a/k/a "Donnie G," KYLE HINES, CHANEL LEON, a/k/a "Black Gums," and CHRISTOPHER MORALES, a/k/a "Yayo," the defendants, and others known and unknown, being persons employed by and associated with the racketeering Enterprise described above, namely, the YGz, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the YGz through a

pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving murder and robbery that are chargeable under the following provisions of state law:

New York Penal Law, Sections 20.00, 125.25 and 125.27 (murder);

New York Penal Law, Sections 20.00, 110.00 and 125.25 (attempted murder);

New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder);

New York Penal Law, Sections 20.00, 110.00, 160.05 and 160.10 (robbery);

New York Penal Law, Sections 105.10, 160.05 and 160.10 (conspiracy to commit robbery); and

New York Penal Law, Sections 20.00, 110.00, 160.05 and 160.10 (attempted robbery); and

multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, including 28 grams and more of cocaine base in a form commonly known as "crack," and quantities of heroin and marijuana, all in violation of the laws of the United States, specifically Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), (b)(1)(C), (b)(1)(D), and 846, and Title 18, United States Code, Section 2.

6.    It  was  a  part  of  the  conspiracy  that  each defendant  agreed  that  a  conspirator  would  commit  at  least  two acts  of  racketeering  in  the  conduct  of  the  affairs  of  the Enterprise.

## Overt Acts

7.    In  furtherance  of  the  conspiracy  and  to  effect the  illegal  object  thereof,  the  following  overt  acts,  among others,  were  committed  in  the  Southern  District  of  New  York:

a.    On  or  about  December  22,  2005,  PAUL  GILBERT, a/k/a  "Too  Fly  Tay,"  a/k/a  "Don  Tay,"  the  defendant,  attempted to  shoot  a  rival  of  the  YGz  ("Victim-1")  in  the  vicinity  of  286 East  149th  Street  in  the  Bronx,  New  York,  and  JASON  MOYE,  a/k/a "Tall  Jay,"  and  JOSEPH  ANDERSON,  a/k/a  "Jojo,"  the  defendants, attempted  to  hide  the  gun  used  in  the  shooting  from  law enforcement.

b.    On  or  about  August  10,  2007,  RASHAAD  CONYERS, a/k/a  "Houle,"  the  defendant,  shot  and  injured  an  associate  of  a rival  gang  ("Victim-2")  inside  a  clothing  store  in  the  vicinity of  2838  Third  Avenue  in  the  Bronx,  New  York.

c.    On  or  about  June  27,  2009,  in  the  vicinity  of Willis  Avenue  and  140th  Street  in  the  Bronx,  New  York,  RAMEL MATTHEWS,  a/k/a  "Rah,"  ANTHONY  SCOTT,  a/k/a  "Tyson,"  and  HASWANI TYSON,  a/k/a  "Swani,"  the  defendants,  and  others  known  and unknown,  acting  in  concert,  attempted  to  commit  a  robbery,  and

7

in the course of doing so, SCOTT shot and killed Darrel Ledgister.

d.   On or about November 22, 2010, in the Southern District of New York, WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACEY, a/k/a "Rel," TERRANCE WILLIAMS, a/k/a "TA," and JASON MOYE, a/k/a "Tall Jay," the defendants, and others known and unknown, acting in concert, participated in a shootout with members of a rival gang, in the vicinity of East 163rd Street and Park Avenue in the Bronx, New York, during which a rival gang member ("Victim-3") was shot and nearly killed, and BRACEY and one of his associates were shot and injured.

e.   On or about May 28, 2011, DONOVAN REYNOLDS, a/k/a "Donnie G," the defendant, possessed a loaded firearm in the vicinity of Morris Avenue and 143rd Street in the Bronx, New York.

f.   On or about December 22, 2011, JOHN HUGHES, a/k/a "Pino," possessed a firearm in the vicinity of 340 Alexander Avenue in the Bronx, New York.

g.   On or about April 16, 2012, WENDELL BELLE, a/k/a "Delly Dell," and WILLIAM BRACEY, a/k/a "Rell," the defendants, and others known and unknown, acting in concert, stomped and killed Moises Lora, a/k/a "Noah" in the vicinity of 700 Morris Avenue in the Bronx, New York.

h.   On or about May 1, 2012, KAREEM LANIER, a/k/a

"Black," the defendant, hit a drug customer ("Victim-4") with a gun in the vicinity of Maria Lopez Plaza in the Bronx, New York.

   i. On or about July 19, 2012, RAMEL MATTHEWS, a/k/a "Rah," MICHAEL BROWN, a/k/a "Mighty," JASON MOYE, a/k/a "Tall Jay," and BRIANT LAMONT MAYNOR, a/k/a "Binky," the defendants, and others known and unknown, got into a vehicle containing a loaded firearm and agreed to drive to a location in a rival gang's territory in the Bronx, New York to commit a shooting.

   j. On or about November 16, 2013, WENDELL BELLE, a/k/a "Delly Dell," the defendant, carried a handgun to a location in the vicinity of East 158th Street and Park Avenue in the Bronx, New York, where co-conspirators not named herein fired several rounds from that handgun and another firearm in attempt to kill members of a rival gang, resulting in a bystander being shot and injured ("Victim-5").

   k. On or about November 26, 2013, WENDELL BELLE, a/k/a "Delly Dell," the defendant, shot and injured an associate of a rival gang ("Victim-6") near the Bronx County Criminal Courthouse in the Bronx, New York.

   l. On or about February 5, 2014, CHANEL LEON, a/k/a "Black Gums, the defendant, acting in concert with others known and unknown, lured an individual to the sixth floor of an apartment building at 2625 Third Avenue in the Patterson Houses in the Bronx, New York, and robbed this individual of several

hundred dollars in cash and a cellphone by threatening this individual with what appeared to be a firearm that was brandished by one of LEON's co-conspirators.

m.  On or about June 22, 2014, PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a "Don Tay," the defendant, shot and injured an individual ("Victim-7") in the vicinity of 340 Alexander Avenue in the Bronx, New York.

n.  On or about October 3, 2014, while visiting fellow YGz members at Lincoln Hospital in the Bronx, New York who were being treated for injuries sustained during a violent encounter with members of a rival gang, JOSEPH JEFFRIES, a/k/a "Joey," the defendant, possessed approximately nine ziplock bags of crack cocaine that he intended to distribute.

o.  On or about May 12, 2015, RASHAAD CONYERS, a/k/a "Houle," the defendant, acting in concert with others known and unknown, fired gunshots at individuals whom CONYERS believed were members of a rival gang in the vicinity of 328 East 145th Street in the Bronx, New York.

p.  On or about June 27, 2015, DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," the defendant, approached two members of a rival gang and brandished a firearm in the vicinity of Alexander Avenue between East 142nd and 143rd Streets in the Bronx, New York.

q.  On or about August 19, 2015, in an apartment in

the Millbrook Houses in the Bronx, New York, ANDY SEDA, a/k/a "Ant White," the defendant, possessed approximately 92 plastic bags of crack cocaine that he intended to distribute, and possessed hundreds of rounds of ammunition for several types of firearms, including approximately (i) 300 Winchester S&W .40 caliber rounds, (ii) 100 Federal S&W .40 caliber rounds, (iii) one Federal 12-gauge shotgun shell, (iv) one Fiocchi 12-gauge shotgun shell, (v) seven Luger 9mm rounds, (vi) four Winchester .357 caliber rounds, (vii) two Hornaday .357 caliber rounds, (viii) one Federal .357 caliber round, (ix) six Winchester .38 caliber special rounds, and (x) one Federal .38 caliber special round.

      r.   On or about August 20, 2015, in the vicinity of 340 Alexander Avenue in the Bronx, New York, JOSEPH JEFFRIES, a/k/a "Joey," the defendant, attempted to help a fellow YGz member flee from police with a loaded firearm, and JEFFRIES possessed (among other things) a plastic bag containing approximately 14 smaller plastic bags of crack cocaine that he intended to distribute.

## NOTICE OF SPECIAL SENTENCING FACTORS

      8.   On or about June 27, 2009, in the Southern District of New York, RAMEL MATTHEWS, a/k/a "Rah," ANTHONY SCOTT, a/k/a "Tyson," and HASWANI TYSON, a/k/a "Swani," the defendants, and others known and unknown, knowingly murdered and

aided and abetted the murder of Darrel Ledgister in the vicinity of 401 East 140th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, RAMEL MATTHEWS, SCOTT, and TYSON caused the death of Darrel Ledgister, and (ii) under circumstances evincing a depraved indifference to human life, RAMEL MATTHEWS, SCOTT, and TYSON recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Darrel Ledgister, and (iii) RAMEL MATTHEWS, SCOTT, and TYSON, acting with each other and others known and unknown, attempted to commit robbery, and in the course of and in furtherance of such attempted robbery, caused the death of Darrel Ledgister.

9.    On or about April 16, 2012, in the Southern District of New York, WENDELL BELLE, a/k/a "Delly Dell," and WILLIAM BRACEY, a/k/a "Rel," the defendants, and others known and unknown, knowingly murdered and aided and abetted the murder of Moises Lora a/k/a "Noah," in the vicinity of 700 Morris Avenue, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00, in that, (i) with intent to cause the death of Moises Lora, BELLE and BRACEY caused the death of Moises Lora, and (ii) under circumstances evincing a depraved indifference to human life, BELLE and BRACEY recklessly engaged in conduct which created a grave risk of death to another

person, and thereby caused the death of Moises Lora.

(Title 18, United States Code, Section 1962(d).)

<u>COUNT TWO</u>

**(Murder of Darrel Ledgister in Aid of Racketeering)**

The Grand Jury further charges:

10. At all times relevant to this Indictment, the YGz, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

11. At all relevant times to this Indictment, the YGz, through its members and associates, knowingly engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

12. On or about June 27, 2009, in the Southern

13

District of New York, RAMEL MATTHEWS, a/k/a "Rah," ANTHONY SCOTT, a/k/a "Tyson," and HASWANI TYSON, a/k/a "Swani," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Darrel Ledgister in the vicinity of 401 East 140th Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, RAMEL MATTHEWS, SCOTT, and TYSON caused the death of Darrel Ledgister; and (ii) under circumstances evincing a depraved indifference to human life, RAMEL MATTHEWS, SCOTT, and TYSON recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Darrel Ledgister; and (iii) RAMEL MATTHEWS, SCOTT, and TYSON, acting with each other and others known and unknown, attempted to commit robbery, and in the course of and in furtherance of such attempted robbery, caused the death of Darrel Ledgister.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT THREE

### (Murder of Moises Lora in Aid of Racketeering)

The Grand Jury further charges:

13. Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

14. On or about April 16, 2012, in the Southern District of New York, WENDELL BELLE, a/k/a "Delly Dell," and WILLIAM BRACEY, a/k/a "Rel," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, BELLE and BRACEY knowingly murdered and aided and abetted the murder of Moises Lora a/k/a "Noah," in the vicinity of 700 Morris Avenue, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00, in that, (i) with intent to cause the death of Moises Lora, BELLE and BRACEY caused the death of Moises Lora; and (ii) under circumstances evincing a depraved indifference to human life, BELLE and BRACEY recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Moises Lora.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FOUR

**(Assault and Attempted Murder in Aid of Racketeering)**

The Grand Jury further charges:

15. Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

16. On or about November 16, 2013, in the Southern District of New York, WENDELL BELLE, a/k/a "Delly Dell," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, BELLE aided and abetted the commission of a shooting in an attempt to murder members of a rival gang, resulting in a bystander, namely Victim-5, being shot and injured, in the vicinity of East 158th Street and Park Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5) and 2.)

16

## COUNT FIVE

### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

17. Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

18. On or about June 22, 2014, in the Southern District of New York, PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a "Don Tay," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and attempted to murder an individual, to wit, GILBERT fired shots at and attempted to murder an associate of a rival gang, resulting in Victim-7 being shot and injured, in the vicinity of 340 Alexander Avenue, Bronx, New York, in violation of New York Penal Law, Sections 120.05, 125.25, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(3) and 1959(a)(5).)

## COUNT SIX

### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

19. Paragraphs 10 and 11 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

20. On or about May 12, 2015, in the Southern District of New York, RASHAAD CONYERS, a/k/a "Houle," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and attempted to murder an individual, to wit, in the vicinity of 328 East 145th Street, Bronx, New York, CONYERS, acting in concert with others known and unknown, fired gunshots at individuals whom CONYERS believed were members of a rival gang, with the intent to kill such rival gang members, in violation of New York Penal Law, Sections 120.14(1), 120.05, 125.25, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(3) and 1959(a)(5).)

## NARCOTICS VIOLATIONS

### COUNT SEVEN

### (Narcotics Conspiracy)

The Grand Jury further charges:

21.   From at least in or about 2005 up to and including in or about December 2015, in the Southern District of New York and elsewhere, RAMEL MATTHEWS, a/k/a "Rah," TERRANCE WILLIAMS, a/k/a "TA," MICHAEL BROWN, a/k/a "Mighty," ANDY SEDA, a/k/a "Ant White," DAVOUN MATTHEWS, a/k/a "Juice," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," JOHN HUGHES, a/k/a "Pino," JOSEPH JEFFRIES, a/k/a "Joey," KYLE HINES, CHANEL LEON, a/k/a "Black Gums," and CHRISTOPHER MORALES, a/k/a "Yayo," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

22.   It was a part and an object of the conspiracy that RAMEL MATTHEWS, WILLIAMS, BROWN, SEDA, DAVOUN MATTHEWS, HUGHES, JEFFRIES, HINES, LEON, and MORALES, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

23.   The controlled substances involved in the offense were (a) 28 grams and more of cocaine base in a form commonly

19

known as "crack," in violation of Title 18, United States Code, Section 841(b)(1)(B); (b) a quantity of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (c) a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FIREARMS VIOLATIONS

### COUNT EIGHT

**(Use of Firearms for the Murder of Darrel Ledgister)**

The Grand Jury further charges:

24. On or about June 27, 2009, in the Southern District of New York, RAMEL MATTHEWS, a/k/a "Rah," ANTHONY SCOTT, a/k/a "Tyson," and HASWANI TYSON, a/k/a "Swani," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder of Darrel Ledgister in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry firearms, and, in furtherance of such crime of violence, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of that crime of violence did cause the death of a person through the use of at least one of those firearms, namely the death of

20

Ledgister, which killing is murder as defined in Title 18, United States Code, Section 1111(a).

(Title 18, United States Code, Sections 924(j)(1) and 2.)

**COUNT NINE**

**(Use of Firearms for Racketeering Conspiracy)**

The Grand Jury further charges:

25. From at least in or about 2011, up to and including in or about December 2015, in the Southern District of New York, RAMEL MATTHEWS, a/k/a "Rah," WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACEY, a/k/a "Rel," ANTHONY SCOTT, a/k/a "Tyson," RASHAAD CONYERS, a/k/a "Houle," PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a "Don Tay," KAREEM LANIER, a/k/a "Black," TERRANCE WILLIAMS, a/k/a "TA," JASON MOYE, a/k/a "Tall Jay," MICHAEL BROWN, a/k/a "Mighty," BRIANT LAMONT MAYNOR, a/k/a "Binky," ANDY SEDA, a/k/a "Ant White," DAVOUN MATTHEWS, a/k/a "Juice," JOHN HUGHES, a/k/a "Pino," JOSEPH JEFFRIES, a/k/a "Joey," DONOVAN REYNOLDS, a/k/a "Donnie G," and CHRISTOPHER MORALES, a/k/a "Yayo," the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime of violence, did possess firearms, and did aid and abet the use, carrying, and possession of firearms,

21

several of which were discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 2.)

## SPECIAL FINDINGS

### SPECIAL FINDINGS AS TO RAMEL MATTHEWS

26.  Counts Two and Eight of this Indictment are repeated and incorporated by reference as though fully set forth herein.  As to Count Two of this Indictment, charging the murder of Darrel Ledgister in aid of racketeering, and Count Eight of this Indictment, charging the use of firearms during and in relation to that crime of violence, defendant RAMEL MATTHEWS, a/k/a "Rah":

a.  was 18 years of age or older at the time of the offenses;

b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Darrel Ledgister died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offenses, such that participation in the act constituted a reckless

22

disregard for human life and Darrel Ledgister died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

   d. committed the murder of Darrel Ledgister in aid of racketeering charged in Count Two of this Indictment after having previously been convicted on or about February 3, 2006, in Bronx County Supreme Court, of attempted murder in violation of New York Penal Law § 125.25(01), a class B felony, which involved the use of a firearm against another person (Title 18, United States Code, Section 3592(c)(2));

   e. in the commission of the offenses, knowingly created a grave risk of death to one or more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

   f. committed the offenses in the expectation of the receipt of something of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

<u>SPECIAL FINDINGS AS TO WENDELL BELLE</u>

   27. Count Three of this Indictment is repeated and incorporated by reference as though fully set forth herein.   As to Count Three of this Indictment, charging the murder of Moises Lora a/k/a "Noah" in aid of racketeering, defendant WENDELL BELLE, a/k/a "Delly Dell":

   a. was 18 years of age or older at the time of the

offense;

b.    intentionally killed Moises Lora (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of Moises Lora (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Moises Lora died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(c));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Moises Lora died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture or serious physical abuse to the victim (Title 18, United States Code, Section 3592(c)(6)); and

g.    killed a victim who was particularly vulnerable

due to youth and infirmity (Title 18, United States Code, Section 3592(c)(11)).

## FORFEITURE ALLEGATION AS TO COUNT ONE

28. As a result of committing the offense charged in Count One of this Indictment, RAMEL MATTHEWS, a/k/a "Rah," WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACEY, a/k/a "Rel," ANTHONY SCOTT, a/k/a "Tyson," HASWANI TYSON, a/k/a "Swani," RASHAAD CONYERS, a/k/a "Houle," PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a "Don Tay," KAREEM LANIER, a/k/a "Black," TERRANCE WILLIAMS, a/k/a "TA," JASON MOYE, a/k/a "Tall Jay," MICHAEL BROWN, a/k/a "Mighty," BRIANT LAMONT MAYNOR, a/k/a "Binky," ANDY SEDA, a/k/a "Ant White," DAVOUN MATTHEWS, a/k/a "Juice," JOSEPH ANDERSON, a/k/a "Jojo," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," JOHN HUGHES, a/k/a "Pino," JOSEPH JEFFRIES, a/k/a "Joey," DONOVAN REYNOLDS, a/k/a "Donnie G," KYLE HINES, CHANEL LEON, a/k/a "Black Gums," and CHRISTOPHER MORALES, a/k/a "Yayo," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a. any interest acquired or maintained as a result of the offense charged in Count One;

b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise established, operated, controlled, conducted, or participated in

the conduct of as a result of the offense charged in Count One; and

c.   any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One.

29.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), and (3), include but are not limited to, a sum that represents the gross proceeds received by the defendants pursuant to their racketeering activities as charged in Count One of the Indictment during the relevant time period charged in the Indictment and all interests and proceeds traceable thereto.

30.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

31.   The defendants are jointly and severally liable for the forfeiture obligations as charged above.

(Title 18, United States Code, Section 1963.)

### FORFEITURE ALLEGATION AS TO COUNT SEVEN

32.   As a result of committing the controlled substance offense charged in Count Seven of this Indictment, RAMEL MATTHEWS, a/k/a "Rah," TERRANCE WILLIAMS, a/k/a "TA," MICHAEL BROWN, a/k/a "Mighty," ANDY SEDA, a/k/a "Ant White," DAVOUN MATTHEWS, a/k/a "Juice," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," JOHN HUGHES, a/k/a "Pino," JOSEPH JEFFRIES, a/k/a "Joey," KYLE HINES, CHANEL LEON, a/k/a "Black Gums," and CHRISTOPHER MORALES, a/k/a "Yayo," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation charged in Seven of this Indictment, including but not limited to, a sum in United States currency representing the amount of all proceeds obtained

27

as a result of the controlled substance offense charged in Count Seven of the Indictment.

      33.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

FOREPERSON

PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RAMEL MATTHEWS, a/k/a "Rah," WENDELL
BELLE, a/k/a "Delly Dell," WILLIAM
BRACEY, a/k/a "Rel," ANTHONY SCOTT,
a/k/a "Tyson," HASWANI TYSON, a/k/a
"Swani," RASHAAD CONYERS, a/k/a "Houle,"
PAUL GILBERT, a/k/a "Too Fly Tay," a/k/a
"Don Tay," KAREEM LANIER, a/k/a "Black,"
TERRANCE WILLIAMS, a/k/a "TA," JASON
MOYE, a/k/a "Tall Jay," MICHAEL BROWN,
a/k/a "Mighty," BRIANT LAMONT MAYNOR,
a/k/a "Binky," ANDY SEDA, a/k/a "Ant
White," DAVOUN MATTHEWS, a/k/a "Juice,"
JOSEPH ANDERSON, a/k/a "Jojo," DAVAUGHN
BROOKS, a/k/a "Day Day," a/k/a "Dolla,"
JOHN HUGHES, a/k/a "Pino," JOSEPH
JEFFRIES, a/k/a "Joey," DONOVAN
REYNOLDS, a/k/a "Donnie G," KYLE HINES,
CHANEL LEON, a/k/a "Black Gums," and
CHRISTOPHER MORALES, a/k/a "Yayo,"

Defendants.

## SEALED SUPERSEDING INDICTMENT

S1 15 Cr. 537 (VEC)

(18 U.S.C. §§ 1962, 1959, 924(j),
924(c), and 2, and 21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.